**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| v. | : | I.D. No.: 1706001541 |
| | : | |
| JAMARR CANNON, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Submitted: July 18, 2025
Decided: October 31, 2025

On this 31st day of October 2025, after considering Defendant Jamarr Cannon's Motion for Postconviction Relief ("PCR Motion"), Pretrial Counsel's Response, Appellate Counsel's Affidavit, the State's Response, the Commissioner's Report and Recommendation, and the record in this case, **IT APPEARS THAT:**

1. On June 3, 2017, Mr. Cannon was arrested and charged with Possession of Cocaine in a Tier 5 Quantity; Drug Dealing Cocaine in a Tier 4 Quantity; Resisting Arrest with Force or Violence ("Resisting Arrest"); Possession of Drug Paraphernalia; Failure to Have an Insurance Card; and Operating a Vehicle with Illegal Window Tint.[1]

---

[1] D.I. 1 (Jun. 20, 2017).

2.  On October 2, 2017, Mr. Cannon, through his counsel, Stephanie Blaisdell, Esquire ("Pretrial Counsel"), filed a Motion to Suppress, which the Court denied after a hearing on November 2, 2017.[2]

3.  On December 5, 2017, before trial was set to commence, Mr. Cannon requested to proceed *pro se*.[3]  The Court conducted an extensive colloquy with Mr. Cannon, and granted Mr. Cannon's application.[4]  Pretrial Counsel was appointed as standby counsel.[5]

4.  On December 19, 2017, Mr. Cannon filed a Motion for New Counsel and a Motion for a Franks Hearing, which were both denied that same day.[6]  On January 10, 2018, Mr. Cannon filed a Motion for Reconsideration of Franks Hearing, which was denied on January 12, 2018.[7]

---

[2] D.I. 8 (Oct. 2, 2017); see D.I. 12 (Nov. 2, 2017).  Mr. Cannon, acting *pro se*, filed a Motion for Reargument/Reconsideration of Motion to Suppress, which the Court denied on February 15, 2018.  See also D.I. 40 (Feb. 8, 2018).

[3] D.I. 14 (Dec. 5, 2017).

[4] Id.

[5] Id.

[6] D.I. 28 (Dec. 19, 2017); see D.I. 19 (Dec. 19, 2017); see also D.I. 20 (Dec. 19, 2017).

[7] D.I. 27 (Jan. 10, 2018); see D.I. 29 (Jan. 12, 2018).

5. Mr. Cannon appeared *pro se* at his bench trial, which was held on January 29, 2018.[8] The Court reserved its verdict until the next day.[9] On January 30, 2018, Mr. Cannon was found guilty of one count of Possession of Cocaine in a Tier 5 Quantity under 16 Del. C. § 4752(3); one count of Drug Dealing Cocaine in a Tier 4 Quantity under 16 Del. C. § 4752(1); one count of Resisting Arrest under 11 Del. C. § 1257; one count of Possession of Drug Paraphernalia under 16 Del. C. § 4771(a); and one count of Failure to Have Insurance Card under 21 Del. C. § 2118.[10] On that same date, Mr. Cannon was found not guilty of the singular count of Operating a Vehicle with Illegal Window Tint.[11] The Court ordered a pre-sentence investigation.

6. On February 8, 2018, Mr. Cannon, acting *pro se*, filed a Motion for Reargument/Reconsideration of [the] Motion to Suppress, which the Court denied on February 15, 2018.[12]

7. The State filed a motion to declare Mr. Cannon a habitual offender on March 7, 2018.[13] On April 11, 2018, at the time of sentencing and after review of

---

[8] D.I. 34 (Jan. 29, 2018).

[9] Id.

[10] D.I. 36 (Jan. 30, 2018); see Cannon v. State, 2018 WL 6575432, at *1 (Del. Dec. 12, 2018).

[11] D.I. 36 (Jan. 30, 2018).

[12] D.I. 40 (Feb. 8, 2018); see D.I. 44 (Feb. 15, 2018).

[13] D.I. 48 (Mar. 7, 2018).

the presentence investigation, the Court granted the State's motion.[14]  Mr. Cannon was sentenced as a habitual offender to an aggregate of fifty years at Level V, suspended after nineteen years at Level V for decreasing levels of probation.[15]  The Court also imposed fines.[16]

8.  On May 4, 2018, Mr. Cannon timely filed a Notice of Appeal of his conviction to the Delaware Supreme Court.[17]  Edward C. Gill, Esquire ("Appellate Counsel") was appointed as appellate counsel for Mr. Cannon.[18]  Mr. Cannon's "sole claim on appeal [was] that the Superior Court erred in denying his motion to suppress all evidence derived from a traffic stop from a suspected window tint violation."[19]  The Delaware Supreme Court affirmed Mr. Cannon's conviction on December 12, 2018, and filed its mandate on December 31, 2018.[20]

---

[14] D.I. 54-57 (Apr. 11, 2018).

[15] D.I. 56 (Apr. 11, 2018); see A319-23.

[16] Id.

[17] D.I. 58 (May 4, 2018).  While the Court's docket indicated Mr. Cannon filed his appeal *pro se*, the Commissioner's Report and Recommendation indicated his appeal was filed through Appellate Counsel.  See Commissioner's Report and Recommendation (the "Report"), at 2 (July 2, 2025).

[18] See App. Couns.'s Aff. Regarding Def.'s Mot. for Postconviction Relief at 1 (Feb. 19, 2025); see also State's Resp. to Def.'s Amended Mot. for Postconviction Relief at 4 (Mar. 28, 2025).

[19] Cannon v. State, 2018 WL 6575432, at *1.

[20] D.I. 68 (Dec. 31, 2018).

9. On August 12, 2020, Mr. Cannon, acting *pro se*, filed a Motion for Correction of Sentence, which this Court denied as untimely on August 26, 2020.[21] Mr. Cannon appealed this Court's denial of that motion to the Delaware Supreme Court on September 21, 2020.[22] On January 14, 2021, Mr. Cannon filed his Opening Brief, contending he was sentenced illegally for the Resisting Arrest charge under 11 Del. C. § 4214(d) because he did not meet the criteria under that subsection to be declared a habitual offender.[23] On January 27, 2021, the State filed a Motion to Remand to Superior Court, advising that Mr. Cannon's contentions were correct as to the Resisting Arrest charge under § 4214(d), but that he did meet the requirements under § 4214(b).[24] Accordingly, the Delaware Supreme Court granted Mr. Cannon's appeal on March 5, 2021.[25] On April 7, 2021, the Delaware Supreme Court issued its mandate vacating the judgment and remanding to this Court for resentencing under the correct statute.[26] On May 6, 2021, Mr. Cannon was resentenced as habitual by this Court under 11 Del. C. § 4214(b).[27]

---

[21] D.I. 71 (Aug. 12, 2020); see D.I. 72 (Aug. 26, 2020).

[22] A396.

[23] A399; see A412.

[24] A413.

[25] Cannon v. State, 2021 WL 855878 (Del. Mar. 5, 2021); see D.I. 78 (Apr. 7, 2021).

[26] Id.

[27] D.I. 82 (May 6, 2021).

10. On October 8, 2021, Mr. Cannon again appealed to the Delaware Supreme Court regarding his resentencing, and filed his Opening Brief on January 3, 2022.[28] The Delaware Supreme Court affirmed his resentencing on March 4, 2022.[29]

11. On June 22, 2022, Mr. Cannon filed a PCR Motion based on three grounds: (1) due process violations at the pretrial stage; (2) ineffective assistance of Pretrial Counsel at the suppression hearing; and (3) ineffective assistance of Appellate Counsel for failure to appeal false testimony at trial, due process violations, the Resisting Arrest conviction, and the ineffective assistance of Pretrial Counsel.[30]

12. Mr. Cannon filed a Motion for Appointment of Counsel on July 7, 2022, which the Court granted on September 15, 2022.[31] Benjamin E. Gifford, IV, Esquire ("Appointed Counsel") was appointed by the Office of Conflicts Counsel as postconviction counsel for Mr. Cannon.[32]

13. While represented by Appointed Counsel, on February 27, 2023, Mr. Cannon, acting *pro se*, filed an Amended PCR Motion asserting similar grounds as

---

[28] D.I. 95 (Oct. 8, 2021); see A519.

[29] Cannon v. State, 2022 WL 7375526 (Mar. 4, 2022); see D.I. 100-01 (Mar. 30, 2022).

[30] D.I. 102 (June 22, 2022); see Def.'s Mot. for Postconviction Relief, at 3 (June 22, 2022).

[31] D.I. 103 (July 7, 2022); see D.I. 105 (Sept. 15, 2022).

[32] D.I. 105 (Sept. 15, 2022).

his original PCR Motion: (1) ineffective assistance of Appellate Counsel for failure to appeal pretrial due process violations; (2) ineffective assistance of Pretrial Counsel for failure to address suppression issues properly; and (3) ineffective assistance of Appellate Counsel for failure to appeal the Court's denial of his Motions for a <u>Franks</u> Hearing, for New Counsel, and to Dismiss, and for failure to appeal the Resisting Arrest conviction.[33] The matter was referred to a Commissioner by Order of Reference on March 8, 2023.[34]

14. On March 26, 2024, Appointed Counsel filed a Motion to Withdraw as Counsel, along with a memorandum in support of his motion.[35] Appointed Counsel based his request to withdraw on a thorough and conscientious review of the facts, the record, and the law in the case, having concluded that Mr. Cannon's PCR Motion was wholly without merit and that no meritorious grounds for relief existed. The Court granted Appointed Counsel's Motion, and issued a scheduling order on October 21, 2024.[36]

---

[33] D.I. 120 (Feb. 27, 2023); <u>see</u> <u>Def.'s Amended Mot. for Postconviction Relief</u>, at 3 (Feb. 27, 2023).

[34] D.I. 121 (Mar. 8, 2023).

[35] D.I. 142 (Mar. 25, 2024).

[36] D.I. 147 and 148 (Oct. 21, 2024).

15. As Mr. Cannon directed his claims of ineffective assistance of counsel toward Pretrial and Appellate Counsel, the Commissioner requested responses from both attorneys.[37] Pretrial Counsel filed a letter response on January 2, 2025.[38] Appellate Counsel filed an Affidavit on February 20, 2025.[39] Similarly, the State filed its response on March 28, 2025.[40] Mr. Cannon did not file any reply to these submissions.

16. The Commissioner issued the Report and Recommendation ("Report") on July 2, 2025.[41] The Report concluded Mr. Cannon's PCR Motion was time barred under Superior Court Criminal Rule 61(i).[42] The Report found as meritless Mr. Cannon's contention that there was any violation of his due process rights.[43] The Report further concluded that Mr. Cannon failed to satisfy either prong of the Strickland test to prove his claims of ineffective assistance of counsel, noting he

---

[37] D.I. 148 (Oct. 21, 2024).

[38] D.I. 151 (Jan. 2, 2025). Pretrial Counsel indicated Mr. Cannon appeared *pro se* while she acted as standby counsel. See Pretrial Couns.'s Response Letter at 1 (Jan. 2, 2025).

[39] D.I. 153 (Feb. 20, 2025). Appellate Counsel denied all of Mr. Cannon's claims, but conceded he should have appealed Mr. Cannon's Resisting Arrest conviction. See App. Couns.'s Aff. Regarding Def.'s Mot. for Postconviction Relief at 1-2.

[40] D.I. 155 (Mar. 28, 2025).

[41] D.I. 159 (July 2, 2025).

[42] Report at 7 and 16.

[43] Report at 11-12.

8

failed to specify any new evidence, law, or evidentiary rule applicable to his case that deemed his convictions invalid.[44] The Commissioner further noted Mr. Cannon did not state sufficiently, and with the requisite particularity, the nature of the prejudice he suffered as a result of the alleged ineffective assistance of counsel.[45] Accordingly, the Commissioner recommended this Court deny Mr. Cannon's PCR Motion.[46]

17. Superior Court Criminal Rule 62(b) provides that any party "appealing the findings of fact and recommendations of a Commissioner under subparagraph (5) who fails to comply with the provisions of this rule may be subject to dismissal of said motion for reconsideration or appeal."[47] Any objections to the Commissioner's proposed findings of fact and recommendations must be filed within ten days of the issuance of the Commissioner's Report.[48] To date, Mr. Cannon has not filed any objections to the Commissioner's Report, nor has he asked this Court to reconsider any of the Report's findings.

---

[44] Report at 8-11.

[45] Report at 12.

[46] Report at 16.

[47] Super. Ct. Crim. R. 62(b).

[48] Super. Ct. Crim. R. 62(a)(5)(ii).

18.     Superior Court Criminal Rule 61(i) requires any Motion for Postconviction Relief be filed within one year of the judgment of conviction becoming final.  Mr. Cannon's conviction became final when the Delaware Supreme Court issued its mandate on his appeal on December 31, 2018.  This Court did not receive Mr. Cannon's PCR Motion until June 22, 2022.  This Court agrees with, and adopts, the Report's finding that Mr. Cannon's PCR Motion is procedurally barred by the requirements of Rule 61.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and consideration of the parties' arguments and the Report:

**IT IS HEREBY ORDERED** that the Report is **ADOPTED** by this Court. Mr. Cannon failed to file his Motion within one year of final judgment of his conviction, as required by Superior Court Criminal Rule 61.  Thus, his PCR Motion is procedurally barred.  Mr. Cannon failed to file any objections to the Report within the ten-day window outlined by Superior Court Criminal Rule 62.  As such, Mr. Cannon waives any objections to the Report.  Mr. Cannon's PCR Motion must be **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

10